**In re Robert Z. GERGELY Debtor.**

**Jordan Alexander Lee–Benner, a minor, by and through his Guardian ad Litem, Karen Mills, Plaintiff–Appellant,**

v.

**Robert Z. Gergely, Defendant–Appellee.**

No. 00–55371.

D.C. No. 99–CV–05345–GAF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 13, 2000.

Decided Dec. 15, 2000.

Before RYMER, T.G. NELSON, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Jordan Alexander Lee Brenner appeals the district court's order affirming the bankruptcy court's judgment granting the Petition for Discharge filed by Dr. Robert Z. Gergely. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Appellants sought nondischargeability of a debt arising from a medical malpractice judgment obtained against Dr. Gergely following an amniocentesis procedure. The bankruptcy code excepts from discharge "any debt ... for money ... to the extent obtained by ... false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). To make a claim under § 523(a)(2)(A), the creditor must prove by the preponderance of evidence: (1) that "the debtor made representations; (2) that, at the time of the representations, he knew they were false; (3) that he made them with the intention and purpose of deceiving creditor; (4) that creditor relied on such representations; and (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made." *Britton v. Price (In re Britton)*, 950 F.2d 602, 604 (9th Cir.1991); *American Express Travel Related Services company Inc. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir.1996). Appellant's theory of fraud is predicated upon the nondisclosure of material facts. To satisfy the element of scienter, appellant asserts that Dr. Gergely failed to disclose certain risks of the procedure in order to generate a fee for a service that he knew to be unnecessary. Although we agree with the district

court that silence or a deliberate failure to disclose when a duty to disclose exists can constitute a false representation under § 523(a)(2), *see In re Eashai*, 87 F.3d 1082, 1089 (9th Cir.1996), on this record the bankruptcy court did not clearly err in finding that Dr. Gergely lacked the required intent to deceive. The evidence was in sharp conflict as to whether the disclosures were in fact made or consent given, and as to Dr. Gergely's view of the necessity of the procedure. There was no evidence compelling a finding of an intent to deceive. Nor does the record indicate the existence of a confidential or close relationship that was "methodically cultivated ... over the course of many years" between Dr. Gergely and appellant's mother. *Tallant v. Kaufman (In re Tallant)*, 218 B.R.58 (9th Cir.BAP 1998) (holding that repeated acts of non-disclosure constituted an intent to deceive under § 523(a)(2)(A)); *Cf. Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (holding that "[n]egligent or reckless acts, [such as medical malpractice] do not suffice to establish that a resulting injury is willful and malicious") (internal quotations omitted).

AFFIRMED.

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.